IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. No. 12-788-SLR ) |
| JOSEPH R. BIDEN, III, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of October, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and that amendment is futile, for the reasons that follow:

1. **Background.** Plaintiff Alan T. Brooks ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983.[1] He proceeds pro se and has been granted leave to proceed without prepayment of fees.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

6. **Discussion**. On May 5, 1987, a jury convicted plaintiff of felony-murder, first-degree robbery, attempted first-degree robbery, second-degree kidnapping, second-degree conspiracy, and possession of a deadly weapon during the commission of a felony. *See State v. Brooks*, 2007 WL 3105883 (Del. Super. Oct. 23, 2007). He was sentenced to life imprisonment without the possibility of parole for the murder conviction and 52 years for the remaining offenses. *Id.* The convictions were affirmed on appeal by the Delaware Supreme Court and subsequent motions for post-conviction relief were denied. *Id.*

7. Plaintiff alleges that there exists sealed exculpatory Brady material reflecting an agreement for leniency between the State and its witness, Darneise Goodman ("Goodman"), that was not disclosed during his criminal trial. He further alleges that defendant Delaware Deputy Attorney General Timothy Barron ("Barron") was aware that Goodman perjured herself during the criminal trial and sealed Goodman's records to "cover-up" and "hide" it. (D.I. 2 ¶ 19) Plaintiff alleges that, on or about March 8, 1987, his right to due process was violated when Barron withheld, suppressed, and sealed evidence in derogation of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.[3] Plaintiff raised the Brady issue in his fourth and fifth postconviction motions; the fourth postconviction motion denied following a finding of no merit to the claim, *Brooks v. State*, 996 A.2d 793 (Del. 2010) (table), and the fifth postconviction motion

---

[3]On January 2, 2008, plaintiff filed a petition for subpoena duces tecum and requested that the Superior Court of the State of Delaware furnish him the sealed records. *State v. Brooks*, 2008 WL 726809 (Del. Super. Mar. 18, 2008). The Superior Court found that it had no authority to issue a subpoena when there was no pending proceeding. *Id.*

4

denied as procedurally barred, *Brooks v. State*, 2012 WL 3595141 (Del. Aug. 21, 2012) (table).

8. On July 27, 2010, plaintiff sought the sealed *Brady* material from defendant Attorney General of the State of Delaware Joseph R. Biden, III ("Biden"), under Delaware's Freedom of Information Act ("FOIA").[4] The request was refused, pursuant to 29 Del. C. § 10002(g)(4), on the grounds that the Delaware Department of Justice's criminal files and criminal records are closed to the public. Plaintiff appealed the denial and, on October 1, 2010, defendant Deputy Attorney General Charles F. Butler ("Butler") denied the appeal pursuant to 29 Del. C. § 10002(g)(3) and (4). It does not appear that plaintiff sought further review.[5]

9. Plaintiff alleges that the acts of defendants denied him procedural due process. He seeks injunctive and declaratory relief.

10. **Statute of limitations**. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996).

---

[4]Court records indicate that he also sought the information on June 10, 2009. *See Brooks v. Phelps*, Civ. No. 10-594-SLR, D.I. 1 ex. C.

[5]Under 29 Del. C. § 10005, a citizen alleging a FOIA violation must seek an administrative review before filing suit in court when the Attorney General is obligated to represent the public body with the sought-after public records pursuant to 29 Del. C. § 2504. 29 Del. C. §§ 10005(b) and (e). The person denied access to public records must present a petition and all supporting documentation to the Chief Deputy Attorney General, who must then render a written determination declaring whether a violation has occurred. An adverse decision may be appealed to the Superior Court of the State of Delaware. *Id.*

Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

11. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (not published) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

12. Plaintiff complains of acts taken by Barron that allegedly occurred in 1987. Hence, it is evident from the face of the complaint that plaintiff's claims against Barron were not timely filed and are time-barred. Therefore, the court will dismiss the claims against Barron as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

13. **Brady claim**. To the extent that plaintiff seeks to state a Brady claim, it fails as a matter of law. *See Skinner v. Switzer*, ___ U.S. ___, 131 S.Ct. 1289, 1300 (2011) ("Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."). Plaintiff's allegations that Barron knew Goodman committed perjury, that Barron covered it up by sealing Goodman's records, and that the records deprive plaintiff of an opportunity to prove his innocence (D.I. 2 at ¶¶ 19, 31), are the

6

type of Brady claim that *Heck v. Humphrey*, 512 U.S. 477 (1994) forecloses.[6] *See, e.g., Dukes v. Pappas*, 405 F. App'x 666, 668-69 (3d Cir. 2010) (not published). Therefore, the court dismisses the § 1983 claim arising from the alleged failure to disclose exculpatory evidence.

14. **Procedural due process**. Plaintiff alleges, in a conclusory manner, violations of procedural due process rights under the Fourteenth Amendment. "[P]rocedural due process does not require that a district attorney disclose all potentially exculpatory evidence for postconviction relief." *Grier v. Klem*, 591 F.3d 672, 678 (3d Cir. 2010). A procedural due process claim will only lie where a State's procedures for postconviction relief (particularly procedures for DNA testing requests) are so flawed as to be "fundamentally unfair or constitutionally inadequate." *See Spuck v. Pennsylvania*, 456 F. App'x 72, 73 (3d Cir. 2012) (not published) (citations omitted); *see also Skinner*, 131 S.Ct. at 1293 (noting that *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), "left slim room for the prisoner to show that the governing state law denies him procedural due process").

15. There are no allegations explaining how Delaware's postconviction procedures for disclosure of alleged exculpatory are inadequate as a matter of law. Moreover, it is evident from the complaint, and the court takes judicial notice, that plaintiff raised the issue (albeit unsuccessfully) on two occasions in postconviction

---

[6]A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. at 487.

7

motions in addition to utilizing Delaware's FOIA statute. Notably, plaintiff does not allege that State law postconviction procedures are inadequate, rather, he complains that Biden and Butler denied his FOIA request for the sealed documents based upon the statutory exceptions that preclude the disclosure of the sealed documents. Liberally construing and accepting plaintiff's allegations as true, he has failed to state a viable procedural due process claim based upon the refusal by Biden and Butler to produce what plaintiff speculates is exculpatory material. Therefore, the court dismisses the procedural due process claim.

16. **Conclusion.** For the above reasons, the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint is futile. The clerk of court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE